**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

CARLA TALLMON,

        Plaintiff,

vs.                                                                             Civ. No. 03-1031 JCH/KBM

FERNANDEZ EXPRESS, INC.,
LORENZO FERNANDEZ,
and SAM DALEY,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants Fernandez Express, Inc. and Lorenzo Fernandez's ("Defendants") Motion for Summary Judgment and Brief in Support of Motion, filed October 6, 2004 **[Doc. No. 25]**. The Court, having considered the motion, brief, and relevant law and being otherwise fully informed, finds that the motion is well taken and will be **GRANTED.**

## BACKGROUND

Plaintiff filed a complaint for damages in this case on September 5, 2003, alleging violation of her civil rights under Title VII of the Civil Rights Act of 1964, as well as violation of various state rights. Plaintiff had filed an identical complaint, against the same defendants, on March 27, 2003. That action, however, was dismissed due to Plaintiff's failure to effect service within 120 days as provided by Federal Rule of Civil Procedure 4(m).[1]

---

[1] In that case, the Court issued an Order to Show Cause to Plaintiff notifying Plaintiff that her action could be dismissed without prejudice for failure to comply with Rule 4(m) and providing Plaintiff with thirty days to effect service or show good cause why service could not be

On October 6, 2004, Defendants in the present action filed their motion for summary judgment, arguing that Defendants are entitled to summary judgment on Plaintiff's Title VII claim because Plaintiff failed to file suit within the applicable limitations period outlined in 42 U.S.C. Section 2000e(5)(f)(1), that the Court should decline to assert jurisdiction over Plaintiff's remaining state law claims, and that if the Court accepts jurisdiction over the state claims, that the Court nonetheless should grant summary judgment on those claims. Plaintiff has not filed a response to the motion for summary judgment.[2]

The statute of limitations set forth in Section 2000e(5)(f)(1) begins to run from the date the U.S. Equal Employment Opportunity Commission (EEOC) issues a notice of right to sue letter. In this case, the EEOC issued a right to sue letter to Plaintiff on December 26, 2002. The right to sue letter clearly stated that Plaintiff had 90 days within which to file a lawsuit. Although Plaintiff's initial lawsuit was brought within the 90-day period, the present lawsuit was brought well outside the 90-day period.

**STANDARD**

Summary judgment generally is appropriate when a court determines that "'there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of

---

effected. *See Carla Tallmon v. Fernandez Express et al.*, Civ. No. 03-00388 LCS/KBM. Plaintiff failed to effect service or otherwise demonstrate good cause. Accordingly, the Court dismissed Plaintiff's case without prejudice.

[2] On December 1, 2004, this Court issued an Order to Show Cause requiring Plaintiff by way of written response and supporting affidavit, to show cause within ten days from the date of the Order why the claims against Defendants should not be dismissed without prejudice for failure to respond to the motion for summary judgment. Plaintiff did not comply with the Order to Show Cause.

law.'" *Thrasher v. B & B Chem. Co.*, 2 F.3d 995, 996 (10th Cir. 1993) (citation omitted). Under Rule 56(c), "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Rather, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* at 248.

To carry its initial burden, the moving party need not negate the nonmoving party's claim. *See Allen v. Muskogee*, 119 F.3d 837, 840 (10th Cir. 1997), *cert. denied sub nom. Smith v. Allen*, 522 U.S. 1148 (1998). "'Instead, the movant only bears the initial burden of 'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case.'" *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). Once the moving party meets its burden, the nonmoving party must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). A plaintiff cannot rely upon conclusory allegations or contentions of counsel to defeat summary judgment but rather must produce some specific factual support of its claim. *See Pueblo v. Neighborhood Health Centers, Inc.*, 847 F.2d 642, 649 (10th Cir. 1988); *Fritzsche v. Albuquerque Municipal Sch. Dist.*, 194 F. Supp. 2d 1194, 1206 (D.N.M. 2002). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted). Upon a motion for summary judgment, a

court "must view the facts in the light most favorable to the nonmovant and allow the nonmovant the benefit of all reasonable inferences to be drawn from the evidence." *Kaus v. Standard Ins. Co.*, 985 F. Supp 1277, 1281 (D. Kan. 1997), *aff'd*, 162 F.3d 1173 (10th Cir. 1998). If there is no genuine issue of material fact in dispute, then a court must next determine whether the movant is entitled to judgment in its favor as a matter of law. *See, e.g.*, *Jenkins v. Wood*, 81 F.3d 988, 990 (10th Cir. 1996); *Celotex*, 477 U.S. at 322.

Plaintiff has not responded to the motion for summary judgment. Pursuant to Rule 7.1(b) the Local Civil Rules, Plaintiff's failure to file a response constitutes Plaintiff's consent to grant the motion for summary judgment. As a result of her failure timely to respond, Plaintiff has waived the right to file a response and confessed all facts asserted and properly supported in the summary judgment motion. *See Murray v. City of Tahlequah*, 312 F.3d 1196, 1199-1200 (10th Cir. 2002). Plaintiff's waiver, however, does not relieve this Court of its duty to make the specific determinations required by Fed. R. Civ. P. 56(c). *See id.*; *see also Reed v. Bennett*, 312 F.3d 1190 (10th Cir. 2002). Accordingly, the Court will determine whether Defendant has met its initial burden of demonstrating that no genuine issue of material fact exists and that it is entitled to summary judgment as a matter of law.

**DISCUSSION**

I.   <u>Title VII of the Civil Rights Act of 1964</u>.

A complainant has 90 days within which to file a civil lawsuit following the issuance of a right to sue letter from the EEOC. *See* 42 U.S.C. § 2000e(5)(f)(1); *see also Brown v. Hartshorne Pub. Sch. Dist.*, 926 F.2d 959, 961 (10th Cir. 1991). More than 90 days have elapsed between

the issuance of Plaintiff's right to sue letter on December 26, 2002, and the filing of this lawsuit on September 5, 2003. Accordingly, Plaintiff's claim is barred by the statute of limitations, and Defendants are entitled to summary judgment in their favor as a matter of law.

The fact that Plaintiff filed her initial complaint on March 27, 2003, cannot save Plaintiff's claim. A previously-filed lawsuit dismissed without prejudice does not toll the 90-day statute of limitations in a Title VII case. *See id.* (complaint dismissed without prejudice does not toll the 90-day statutory limitations period); *Price v. Digital Equip. Corp.*, 846 F.2d 1026, 1027 (5th Cir. 1988) (per curiam) (prior lawsuit dismissed for want of prosecution does not toll 90-day statute of limitations in a Title VII case); *Wilson v. Grumman Ohio Corp.*, 815 F.2d 26, 28 (6th Cir. 1987) (per curiam) (the filing of a complaint which is later dismissed without prejudice for failure to perfect service does not toll the 90-day statute of limitations). Plaintiff's claim also cannot be saved pursuant to the relation-back doctrine, because a separately filed claim, as opposed to an amended or supplemental claim, does not relate back to a previously filed claim. *See Marsh v. Soares*, 223 F.3d 1217, 1219 (10th Cir. 2000) (citation omitted), *cert. denied*, 531 U.S. 1194 (2001). In addition, state tolling clauses cannot assist Plaintiff because when Congress has provided a federal statute of limitations for a federal claim, such state provisions are not applicable. *See Hartshorne*, 926 F.2d at 961. Finally, the doctrine of equitable tolling does not have any effect on the limitations period under Title VI because there is no evidence in the record of active deception against Plaintiff with regard to the procedural requirements for filing suits after receipt of the right to sue letter. *See Jarrettt v. U.S. Sprint Communications* Co., 22 F.3d 256, 259-60 (10th Cir.), *cert. denied*, 513 U.S. 951 (1994).

Defendants have satisfied their initial summary judgment burden by demonstrating that there is an absence of evidence to support Plaintiff's claim, *i.e.*, that Plaintiff's claim is barred as a matter of law by the statute of limitations set forth in 42 U.S.C. Section 2000e(5)(f)(1). Accordingly, the Court finds that Defendants are entitled to judgment in their favor on the Title VII claim as a matter of law.

II.     State Law Claims.

Having dismissed Plaintiff's Title VII claim, the claim over which the Court had original federal jurisdiction, the Court, under 28 U.S.C. Section 1367(c)(3), declines to exercise supplemental jurisdiction over the remaining state law claims. *See Pruitt v. Comcast Cable Holdings, LLC*, No. 03-1297, 2004 WL 1226935 (10th Cir. June 3, 2004) (unpublished decision) (holding that the district court's refusal to exercise supplemental jurisdiction over plaintiff's state law contract claims after dismissing all federal claims was "clearly authorized under 28 U.S.C. § 1367(c)(3)"), *cert. denied*, 125 S. Ct. 656 (2004). Under 28 U.S.C. Section 1367(a), "in any civil action of which the district courts have original jurisdiction, [a] district court[] shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." A district court, however, "may decline to exercise supplemental jurisdiction . . . if[:]" (1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

*See* 28 U.S.C. § 1367(c).  The third provision applies to this case.  The Court has dismissed Plaintiff's sole federal claim, and Plaintiff's remaining claims arise only under state law.

The Supreme Court and the Tenth Circuit have not only acknowledged such a result, they have encouraged it.  In *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966), decided more than twenty years before Congress passed 28 U.S.C. Section 1367, the Supreme Court addressed the federal district courts' ability to exercise jurisdiction over state law claims.  In explaining that such power existed, the Supreme Court noted that it "need not be exercised in every case in which it is found to exist." *Id*. at 726.  The Supreme Court further stated that "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.  Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *Id*. (footnotes omitted); *see also Board of County Comm'rs v. Geringer*, 297 F.3d 1108, 1115 n.6 (10th Cir. 2002) ("[T]he district court's ruling [in which it declined to review the state law claims] comports with our general admonishment that district courts should dismiss state claims without prejudice after all federal claims have been dismissed, particularly when the federal claims are dismissed before trial . . . .").

The dismissal of the state law claims without prejudice will not prejudice Plaintiff, because under 28 U.S.C. § 1367(d), Plaintiff has thirty days in which to re-file her state law claims in state court.[3]  As the Supreme Court explained:  "To prevent the limitations period on such supplemental

---

[3] Section 1367(d) provides:  "The period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same

claims from expiring while the plaintiff was fruitlessly pursuing them in federal court, § 1367(d) provides a tolling rule that must be applied by state courts." *Jinks v. Richland County, South Carolina*, 538 U.S. 456, 459 (2003).  Accordingly, Plaintiff's remaining claims under the New Mexico Constitution, the New Mexico Human Rights Act, and state tort law will be dismissed.

## CONCLUSION

For the reasons stated above, **IT THEREFORE IS ORDERED** that Defendants' Motion for Summary Judgment and Brief in Support of Motion, filed October 6, 2004 **[Doc. No. 25]**, is hereby **GRANTED** as follows:

1. Plaintiff's Title VII claim is dismissed because it is barred by the statute of limitations set forth in 42 U.S.C. Section 2000e(5)(f)(1); and

2. Plaintiff's remaining state law claims also are dismissed because the Court declines to exercise supplemental jurisdiction over the claims.

Dated this 29th day of April 2005.

JUDITH C. HERRERA
UNITED STATES DISTRICT JUDGE

---

time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period."